# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR618-011 |
| | ) | |
| FABIAN PINEDA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Fabian Pineda, indicted for distribution of a controlled substance, seeks to suppress any and all statements made by him to law enforcement in the absence of warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Doc. 15. He seeks a hearing on the matter. Doc. 36. Pineda, however, has failed to meet the fundamental pleading standard established by the Eleventh Circuit and this Court for such a suppression motion, and therefore his motion, as presently framed, does not merit an evidentiary hearing (much less any relief).

Pineda provides no factual recitation of the events which led to his arrest and alleged *Miranda* violations. Doc. 15. He merely asserts that he made statements to law enforcement while he was in custody in the absence of *Miranda* warnings. *Id.* at 2. This conclusory recitation of

1

vague allegations fails to allege any facts supported by the record establishing a violation of his Fifth or Sixth Amendment rights. "'A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the Court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions . . . .'" *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)) (emphasis added). A defendant is not entitled to a hearing on his suppression motion unless he "allege[s] facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527. It is not sufficient for defendants to "'promise' to prove at the evidentiary hearing what they did not specifically allege in their motion to suppress." *Cooper*, 203 F.3d at 1285.

This Court's Local Rules also require more than mere assertion. To support his motion, Pineda must offer some minimal evidentiary support for each factual assertion set forth. S.D. Ga. L. Cr. R. 12.1. ("Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.") Counsel's summary of his client's unsworn narrative of the pertinent events will

not suffice.

Pineda's motion, as currently constituted, falls well short of these standards. As a result, he must comply with these requirements by Friday, February 1, 2019, or else he will deprive himself of any possibility of an evidentiary hearing and face the denial of his motion. The current motions hearing set for February 5, 2019 will remain scheduled pending Defendant's subsequent filing.

**SO ORDERED,** this 23rd day of January, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia